**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Paul Santiago Moody v. Howard M. Reiner, Administrator of
Estate of Victoriano G. Santiago Jr., Deceased

Appellate case number:     01-18-00426-CV

Trial court case number:   1106298

Trial court:                County Civil Court at Law No. 2 of Harris County

The Clerk of this Court's July 12, 2018 notice requested that the county clerk file an indigent clerk's record, including the trial court's signed order ruling on the contest to the pro se appellant Paul Santiago Moody's Statement of Inability to Afford Payment of Court Costs or an Appeal Bond ("Statement") with detailed findings of fact that comply with Texas Rule of Civil Procedure 145, and the reporter's record on the indigence hearing, within 20 days of that notice. On July 12, 2018, the court reporter filed a July 3, 2018 motion hearing record of the appellee's objection to the Statement where the trial court sustained the objection. On July 31, 2018, the county clerk filed a supplemental clerk's record containing the trial court's July 3, 2018 order sustaining plaintiff's objection to the Statement, but that order contained no findings of fact.

Rule of Appellate Procedure 20.1 provides that a party who files such a Statement in the trial court "is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145." TEX. R. APP. P. 20.1(b)(1). Because appellant's indigence claim was not overruled by an order with detailed findings of fact that complies with Rule 145, appellant is not required to pay costs. *See* TEX. R. APP. P. 20.1(b)(1); TEX. R. CIV. P. 145(a), (f)(1).

Accordingly, the Clerk of this Court is **directed** to mark appellant indigent in this Court's records and allowed to proceed without advance payment of the appellate filing, clerk's, and reporter's record fees. On July 31, 2018, the court reporter had filed an info sheet in this Court stating that there was a reporter's record taken, but that no request or payment had been made. Thus, the Court **ORDERS** the court reporter, Kevin J. Bruzewski, to file the reporter's record **within 20 days** of this Order, at no cost to appellant.

Finally, because appellant is proceeding pro se, the Court **ORDERS** the county clerk to file the clerk's record **within 20 days** of the date of this Order and mail the clerk's and supplemental clerk's and reporter's records to the appellant, at no cost to appellant, **within 30 days** of the date of this order, and shall certify the delivery date **within 45 days** of the date of this order.

It is so ORDERED.

Judge's signature:  /s/ Laura C. Higley
☑ Acting individually    ☐ Acting for the Court

Date: August 9, 2018